

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Meanor v. Wilcox

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5059

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Meanor v. Wilcox" (2007). *2007 Decisions*. Paper 732.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/732

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5059
_____

RUSSELL MEANOR,

Appellant

v.

DR. WILCOX; BEAVER COUNTY
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00249J)
District Judge:  Honorable Kim R. Gibson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 21, 2007

BEFORE: MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed July 18, 2007   )

_____

OPINION
_____

PER CURIAM

   Russell Meanor, a pro se Pennsylvania state prisoner, appeals from the District

Court's dismissal of his complaint for failure to exhaust administrative remedies as

required by 42 U.S.C. § 1997e(a). Because this appeal does not present a substantial question, we will summarily affirm the District Court's decision. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Meanor alleges that while he was confined at Beaver County Jail for pretrial detention, defendants Wilcox and Beaver County violated his civil rights when Wilcox, the Beaver County physician, provided him with substandard medical care. According to Meanor, Wilcox refused to treat his intestinal hernia to keep Beaver County from incurring expenses. Wilcox allegedly gave Meanor ibuprofen for pain, but did nothing to treat the underlying hernia. Meanor had an operation to repair his hernia at Altoona Hospital several months after he was transferred to the Camp Hill state prison.

The case was assigned to a Magistrate Judge, who denied the defendants' motions for summary judgment at the same time he ordered a hearing on the question of Meanor's exhaustion of administrative remedies. After an October 2, 2006 hearing, the Magistrate Judge recommended that Meanor's complaint be dismissed for failure to exhaust administrative remedies. After considering Meanor's objections, the District Judge adopted the Magistrate Judge's report and dismissed Meanor's complaint. This appeal followed, and Meanor has been granted leave to appeal in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision. See Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). We review the Magistrate Judge's factual findings for clear error. See Watson v. Se. Pa. Transp. Auth.,

2

207 F.3d 207, 224 (3d Cir. 2000).

Under 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies before bringing a civil rights action concerning prison conditions. See Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006). We have interpreted this provision to require not only that the inmate has no further process available to him, but also that the inmate has engaged in "proper exhaustion," that is, the inmate has reached this endpoint only after having timely sought relief at every level available to him. Spruill, 372 F.3d at 230; see also Woodford, 126 S. Ct. at 2387. If an inmate fails to follow the prison grievance policy, his claims are procedurally defaulted. Spruill, 372 F.3d at 227-30.

The Beaver County Jail Inmate Handbook informs that if "you [the inmate] feel that someone, or some action taken against you is unfair or unjust, you may file a grievance." If informal resolution of the problem cannot be accomplished the inmate "must fill out an inmate request form, checking the box marked grievance and filling out the slip with all pertinent information." The inmate is to give the request form to the Housing Unit Officer, who forwards it to the next level of authority. The policy requires the authorities to respond to the grievance within five business days, and the "Warden is always the final step in the grievance/appeal process." The handbook also provides a process for submitting housing unit questions and matters, which entails filling out a request form and placing it in the "appropriate agency box located in [the inmate's]

3

housing unit." Here, although Meanor submitted at least four request slips seeking changes in his bunk and work assignment, he never submitted a grievance (or request form) complaining about his medical care.[1]

Meanor defends his actions by asserting that he was never provided with the inmate handbook which set forth the grievance procedure, and that he did not know that he could file a complaint on the request forms.[2] At the hearing before the Magistrate Judge, the Warden testified that it was the jail's policy to classify all inmates who remained at the prison for more than a couple days and that the handbook is given to the inmate at the time of classification. Apparently, however, the jail did not record whether inmates in fact received the handbook. Meanor asserted that he never received a handbook, and that he was unaware that any procedure existed to complain about medical care.

While Meanor's frustration is understandable, the Magistrate Judge's determination that Meanor did not fulfill the exhaustion requirement must stand. Regardless of whether Meanor received a handbook, the Magistrate Judge did not believe Meanor's testimony that he did not know that he could complain about the lack

---

[1]     In Meanor's supplemental objection to the Magistrate Judge's report, he claimed for the first time that he submitted request slips complaining about his medical care. He explained this contradiction to his testimony by stating that he was intimidated during the hearing. The District Judge rejected these contentions in his memorandum order dismissing the complaint.

[2]     At the hearing before the Magistrate Judge, Warden William J. Schouppe testified that inmates could file grievances on request forms.

4

of medical attention. As the Magistrate Judge's finding that Meanor knew how to use the prison administrative system to file a complaint is not clearly erroneous, we agree that Meanor did not substantially comply with existing administrative remedies because he did not even attempt to complain about his medical care. See Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000).

For these reasons, we will thus summarily affirm the District Court's October 26, 2006 Memorandum Order. See L.A.R. 27.4; I.O.P. 10.6. Meanor's motion for appointment of counsel is denied.